[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 12, 1998, the plaintiffs, Stephen Shay, Kyle Shay, Maggie Shay, and Amelia Shay, filed a fifteen count complaint alleging intentional infliction of emotional distress, abuse of process, vexatious litigation, slander, defamation, CT Page 1585 false imprisonment, and violations of 42 U.S.C. § 1983 and Article 1, Sections 7 and 9 of the Connecticut Constitution against all of the defendants. The defendants are four employees of the Department of Children and Families and have been sued both in their official capacities and as individuals. The plaintiffs allege that on or about February 14, 1996, the four defendants engaged in a pattern of events involving an investigation of possible neglect and abuse which caused serious harm to all of the plaintiffs.
The defendants move to dismiss all of the counts on the grounds that the court lacks subject matter jurisdiction, because, in their official capacity, the doctrine of sovereign immunity precludes any suit against them. As individuals, the defendants claim that they are immune from liability under General Statutes § 4-165. The plaintiffs counter that the defendants' actions fall within an exception to the immunity, and that the defendants are not protected by General Statutes §4-165 since their actions were wanton, reckless or malicious.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody. N.E.,Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).
The defendants contend that they are protected from the plaintiffs' claims since the plaintiffs have failed to allege any "substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority." Defendants' Memorandum in Support of Defendants' Motion to Dismiss, p. 20. (quoting Antinerella v. Rioux, 229 Conn. 479, 497,642 A.2d 699 (1994).) The defendants also contend that the plaintiffs have failed to allege any wanton or reckless conduct to bring the defendants actions out from the protection of General Statutes § 4-165. CT Page 1586
In opposition, the plaintiffs contend that the complaint alleges sufficient conduct beyond the statutory authority of the defendants and that these allegations also rise to the level of wanton or reckless conduct.
"The doctrine of sovereign immunity implicates subject matter jurisdictino and is therefore a basis for granting a motion to dismiss. . . . When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . ." Antinerella v. Rioux, supra, 229 Conn. 489.
"We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer in which the officer represents the state is, in effect, against the state. . . . It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit. Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. . . . In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . ." (Citations omitted; internal quotation marks omitted.) Id., 487.
The plaintiffs have alleged that the defendants exceeded their statutory authority in issuing the 96 hour hold for Charlene Shay, as well as the filing of neglect petitions against the plaintiffs, and the prosecution of the two month investigation into the Shay family. This court finds that the allegations contained in the complaint do provide a sufficient basis to remove this matter from the protection of sovereign immunity for the defendant officers in their official capacities. The motion to dismiss those counts directed at the defendants in their official capacities is therefore be denied.
General Statutes § 4-165 provides, in pertinent part: "No state officer or employee shall be personally liable for damage or injury, not wanton, recless or maliciou, caused in the discharge of his duties or within the scope of his employment. . . ." There is nothing in the allegations of the CT Page 1587 plaintiffs' complaint to suggest that the defendants were acting outside of the scope of their employment. The plaintiffs generally allege that the actions of the defendants were "wanton, reckless and malicious." However, none of the specific allegations raised by the complaint rise to this level of conduct. Therefore, this court finds that the defendants, as individuals, are protected from the claims by the plaintiffs by General Statutes § 4-165.
Accordingly, the motion to dismiss those counts directed at the defendants as individuals is granted.
_____________________________________ Hon. Walter M. Pickett, Jr. Judge Trial Referee